UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 8:09-cr-395-T-33AEP

LAWRENCE G. McCARTHY
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Lawrence G. McCarthy's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) in light of proposed Amendment 782 to the Sentencing Guidelines. (Doc. # 57). As explained below, McCarthy's Motion is to be held in abeyance until November 1, 2014, at which point the Court will consider McCarthy's Motion in the event that Amendment 782 becomes effective.

**I.   Background**

Pursuant to a written plea agreement (Doc. # 29), McCarthy pled guilty to one count of "conspiracy to possess with intent to distribute and to distribute a quantity of a mixture and substance containing a detectable amount of Oxycodone" before Magistrate Judge Porcelli on December 10, 2009 (Doc. # 32). On February 1, 2010, this Court accepted McCarthy's guilty plea and adjudicated him guilty as to Count One of the indictment. (Doc. # 37). On March 16, 2010, this

Court sentenced McCarthy to eighty-four months imprisonment and thirty-six months of supervised released. (Doc. # 43 at 2-3).

Subsequently, McCarthy filed a motion under 28 U.S.C. § 2255 (Doc. # 45), which was denied (Doc. # 50). McCarthy later filed a successive motion under 28 U.S.C. § 2255 (Doc. # 52), which was also denied (Doc. # 53). At this juncture, McCarthy is seeking a reduction in his sentence on the basis of proposed Amendment 782 to the Sentencing Guidelines. (Doc. # 57). If implemented, Amendment 782 will revise the Drug Quantity Table in U.S.S.G. § 2D1.1 and reduce by two levels the offense level applicable to many drug trafficking offenses.

**II.   Amendment 782**

Generally, a criminal sentence is final upon completion of direct review, and the sentencing court thereafter lacks authority to revisit it. Dillon v. United States, 560 U.S. 817, 824 (2010). However, 18 U.S.C. § 3582(c)(2) provides a limited exception:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term imprisonment, after considering

> the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The provision referenced in this statute, 28 U.S.C. § 994(o), authorizes the Commission to periodically review and revise the Sentencing Guidelines. Section 994(p) outlines the amendment process, stating:

> The Commission, at or after the beginning of a regular session of Congress, but not later than the first day of May, may promulgate under subsection (a) of this section and submit to Congress amendments to the guidelines and modifications to previously submitted amendments that have not taken effect, including modifications to the effective dates of such amendments. Such an amendment or modification shall be accompanied by a statement of the reasons therefor and shall take effect on a date specified by the Commission, which shall be no earlier than 180 days after being so submitted and no later than the first day of November of the calendar year in which the amendment or modification is submitted, except to the extent that the effective date is revised or the amendment is otherwise modified or disapproved by Act of Congress.

Therefore, the statute mandates that Congress be afforded a period of at least 180 days to alter or disapprove any proposed guideline amendment, before the amendment becomes effective.

Pursuant to this statutory authority, the Commission promulgated Amendment 782 on April 30, 2014. The Amendment revised the Drug Quantity Table and chemical quantity tables

3

across drug and chemical types. The Commission, consistent with § 994(p), stated that Amendment 782 will be effective on November 1, 2014, unless Congress acts to modify or disapprove the Amendment.

Subsequently, on July 18, 2014, the Commission voted to make Amendment 782 retroactively applicable to previously sentenced defendants pursuant to the authority provided in 28 U.S.C. § 994(u): "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

Therefore, should Amendment 782 become effective on November 1, 2014, previously sentenced prisoners may move under 18 U.S.C. § 3582(c)(2) for modification of their sentences on the basis of Amendment 782. However, at this juncture, this Court lacks authority to reduce any prisoner's sentence – including McCarthy's – pursuant to Amendment 782, as the Amendment is not yet effective.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

McCarthy's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. # 57) is to be **HELD IN ABEYANCE** until November 1, 2014. At that time, the Court will consider McCarthy's Motion in the event that Amendment 782 becomes effective.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, on this 26th day of August, 2014.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record
McCarthy